**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT WHITE, NIC KAMISH, LACY GREJCHA, DESTANI HARRIS, BUKOLA SIMEON, KENA BURAS, GWEN MAYBERRY, TONYA REYES-DICKERSON, KAYLA BUTLER, CHERYL FREESTONE, MUSTAFA ABUDEIAB, CLEMENT ADEGBENRO, SHERRY AINSLIE, ROBIN AKIN, BRANDON AKRIDGE, MARTHA ALLISON, ROY ALVAREZ, MAYRA AMAYA, DANIEL APODACA, LANAMAY ARCHER, GINGER ARMBESTER, JAMES ARNETT, WARDRICK ATKINS, DONELLE BANKS, WILLIAM BARNETT, TIFFANY CASHETTE BECTON, PATRICE BOOKER, JANE BRAMBLETT, CHRISTINE BREEDLOVE-SCHMITZ, BRENDA BRICE, ASHLEY BROWN, AUDRA BROWN, TERRENCE BROWN, WAYNE BUCKHEIT, MARY BUICE, LYNN BYRD, EMILY CAHILL, CHRISTINA CALDWELL, CARLOS CANINO, TRALANE CARDONA, LEEANN CARMEN, JACORIAN CARTER, ALISA CHARLES, GLENN CLARK, SHENEIKA COLE, SIMONE COLEMAN, ADDIE COOLEY, ELIZABETH CRAWFORD, SHAQUALA CYRUS, TERRELL DANCY, ESPERANZA DEGRATE, MARJORIE DERUSHA-MORRIS, EMMA DIXON, PAMELA DOOLEY, AMANDA DUNCAN, GAIL EDWARDS, LINDA FAVORS, FELICIA FIELDS, JUANICE FILIPPELLI, RAUL FLORES, JAMIEJO FLOWERS, DRATON FLOYD, ARLENE FOLEY, RODRICK FOSTER, GABRIEL GAYTAN, SAMANTHA GLUCK, JEAN GRIFFIN, WENDELL GTAY, CYNTHIA GUAJARDO, DEJOUR GUE, JASMINE HALL, ALAIN HANSON, JOAN HARRIS, WILLIAM HELM, SHAMEKIA HENDERSON, DERRICK HENRY, PATRICIA HILL, MARGARET HINTZ, DANIEL HOARD, JOHN HOLLYFIELD, ROBYNNE HORTON, SHEREKA HUBBARD, ASHLEY HUNTER, JEANNIE HURD, ZALIA ISRAEL, JAMILIA R JACKSON, JOSHUA JACKSON, KARRIE | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No.: _____ |

JACKSON, LADANIEL JACKSON,                    §
SHONTAYA JACKSON, LISA JEFFERSON,             §
DANIELLE JERNIGAN, ROSE JOHNSON,              §
SHANNUN JOHNSON, DAWN KERR,                   §
JOSHUA KIZER, SHERRI LAMBIASE, LISA           §
LINDSAY, MARILYN LINDSEY-HARRIS,              §
ALICIA LOWERY, MONICA MACK,                   §
RICHARD MARQUART, BORIS                       §
MARROQUIN, JENESSA MATHIS, CYNTHIA            §
MCCLURE, ANDREA MENDEZ, ADRIANNA              §
MENDOZA, GWEN MILLER, JESUS                   §
MORALES, CYNTHIA MORRIS, RANDOLPH             §
MOSLEY, TAMERA MUÑOZ, PRESTON                 §
NAQUIN, RONALD NDAWULA, FAITH                 §
OMORUYI, CARLOS ORTIZ, BRAD                   §
OSBORNE, ANITA OZUNA, RISHI PATEL,            §
CONCHITA PATTY, REBECCA PEREZ,                §
KAREN PRESTON, HOLLI REVELL,                  §
MARTRENTIA RIVERS, TROY ROBERTS,              §
IRENE RODRIGUEZ, CHERYL RUBRECHT,             §
CLYDE SALYER, DEANA SANCHEZ, LESLIE           §
SCHANNE, REYLYN SILAS, LATASHA                §
SIMMONS, CONNIE SIMMS, DENISE SIMMS,          §
FRANCES SMITH, GERALD SMITH,                  §
MICHAEL SPAIN, LATISSA SPEARS, KASIE          §
STEPHENS, JENNIFER STEWART,                   §
EVANGELIE STURGEON, VERONICA                  §
TOLES, SHELBY TOLLEFSON, SHOOU TSAI,          §
HIROSHI URABE, ERICKA VALENCIA,               §
OTHELA VASHER, DJUANA VINCENT,                §
SHANE WAMPLER, BETTIE WEBB, TOM               §
WEEKS, PAPY WENYI, JOHNNY WHITE,              §
TERENCE WHITE, KATHY WHITTEN,                 §
CHRISTOPHER WILLIAMS, KAMESHIA                §
WILLIAMS, CAROLINE WILSON, WILL               §
WITZSCHE, ECKIE WOODARD,                      §
                                              §
     *Plaintiffs*,                            §
                                              §
v.                                            §
                                              §
                                              §
NRG TEXAS POWER LLC, 226HC 8ME LLC,           §
2W PERMIAN SOLAR LLC, AEP TEXAS INC.,         §
ANSON SOLAR CENTER LLC, APERION               §
ENERGY TEXAS LLP, AVANGRID TEXAS              §
RENEWABLES LLC, AVIATOR WIND LLC,             §

AZURE SKY WIND PROJECT LLC, BARNEY     §
M DAVIS LP, BASTROP ENERGY PARTNERS     §
LP, BEARKAT WIND ENERGY I LLC, BLUE     §
SUMMIT III WIND LLC, BLUEBONNET     §
ELECTRIC COOPERATIVE INC.,  BORGER     §
ENERGY ASSOCIATES LP, BULL CREEK     §
WIND LLC, CALPINE CORPORATION,     §
CANADIAN BREAKS LLC, CAP RIDGE WIND     §
III LLC, CENTERPOINT ENERGY HOUSTON     §
ELECTRIC LLC, COLBECK'S CORNER LLC,     §
COLETO CREEK POWER LLC, COLORADO     §
BEND II POWER LLC, COMANCHE PEAK     §
POWER COMPANY LLC, CONCHO BLUFF     §
LLC, CONCHO VALLEY ELECTRIC     §
COOPERATIVE INC., CRANELL WIND FARM     §
LLC, CROSS TEXAS TRANSMISSION LLC,     §
CROSSETT POWER MANAGEMENT LLC,     §
DYNEGY OPERATING COMPANY, DYNEGY     §
POWER AMERICA INC, EASTEX     §
COGENERATION LIMITED PARTNERSHIP,     §
EASTMAN COGENERATION LP, ECTOR     §
COUNTY ENERGY CENTER LLC, EI DU     §
PONT DENEMOURS AND COMPANY (SRW),     §
EIF CHANNELVIEW COGENERATION LLC,     §
ELECTRIC TRANSMISSION TEXAS LLC,     §
ENEL GREEN POWER ROADRUNNER     §
PROJECT II LLC, ENGIE LONG DRAW     §
SOLAR LLC, ENNIS POWER COMPANY LLC,     §
ENTERGY TEXAS INC., EXELON     §
GENERATION COMPANY LLC, EXGEN     §
HANDLEY POWER LLC, EXGEN TEXAS II     §
POWER, LLC, EXGEN TEXAS POWER LLC,     §
EXXONMOBIL CORPORATION     §
EXXONMOBIL REFINING & SUPPLY,     §
EXXONMOBIL OIL CORPORATION, FLAT     §
TOP WIND I LLC, FOARD CITY WIND LLC,     §
FORMOSA UTILITY VENTURE LTD,     §
FREEPORT POWER LIMITED, FRONTERA     §
GENERATION LIMITED PARTNERSHIP,     §
GENTEX POWER CORPORATION,     §
GOODWELL WIND ENERGY PROJECT LLC,     §
GRANDVIEW WIND FARM LLC, GREGORY     §
POWER PARTNERS LLC, GUADALUPE     §
VALLEY ELECTRIC COOPERATIVE INC.,     §
HAYS ENERGY LLC, HEART OF TEXAS     §
WIND LLC, HIGH LONESOME WIND POWER     §

LLC, HORSE HOLLOW WIND I LLC, HORSE §
HOLLOW WIND II LLC, HORSE HOLLOW §
WIND III LLC, INADALE WIND FARM LLC, §
INGLESIDE COGENERATION LP, IPA §
OPERATIONS INC., JAVELINA WIND §
ENERGY II LLC, KIOWA POWER PARTNERS §
LLC, LA CHALUPA LLC, LA FRONTERA §
HOLDINGS LLC, LAS LOMAS WIND §
PROJECT LLC, LCRA TRANSMISSION §
SERVICES CORPORATION, LIGHTHOUSE §
ELECTRIC COOPERATIVE INC., LIVE OAK §
WIND PROJECT LLC, LOCKET WINDFARM §
LLC, LOGAN'S GAP WIND LLC, LONE STAR §
TRANSMISSION LLC, LONGHORN WIND §
PROJECT LLC, LOS VIENTOS WINDPOWER §
1A LLC, LOS VIENTOS WINDPOWER 1B §
LLC, LOS VIENTOS WINDPOWER III LLC, §
LOS VIENTOS WINDPOWER IV LLC, §
LUMINANT GENERATION COMPANY LLC, §
MAGIC VALLEY WIND FARM I LLC, §
MARYNEAL WINDPOWER LLC, MAVERICK §
CREEK WIND LLC, MEDINA ELECTRIC §
COOPERATIVE INC., MESA POWER PAMPA §
LLC, MESQUITE CREEK WIND LLC, §
MESQUITE STAR SPECIAL LLC, MESQUITE §
WIND LLC, MESTENO WINDPOWER LLC, §
MIDLOTHIAN ENERGY LIMITED §
PARTNERSHIP, MIDWAY SOLAR LLC, §
MOUNTAIN CREEK POWER LLC, NAVARRO §
COUNTY ELECTRIC COOPERATIVE INC., §
NOTREES WINDPOWER LP, NRG §
COTTONWOOD TENANT LLC, NRG ENERGY §
INC., NRG SOUTH TEXAS LP, NRG TEXAS §
LLC, NUECES BAY LLC, OAK GROVE §
MANAGEMENT COMPANY LLC, OCI §
SUNRAY LLC, ODESSA-ECTOR POWER §
PARTNERS LP, OKLAHOMA MUNICIPAL §
POWER AUTHORITY, ONCOR ELECTRIC §
DELIVERY COMPANY LLC, ONCOR §
ELECTRIC DELIVERY COMPANY NTU LLC, §
OPTIM ENERGY ALTURA COGEN LLC, §
PANDA SHERMAN POWER LLC, PANDA §
TEMPLE POWER II LLC, PANTHER CREEK §
WIND FARM THREE LLC, PAPALOTE §
CREEK I LLC, PAPALOTE CREEK II LLC, §
PARIS GENERATION LP, PATRIOT WIND §

iv

FARM LLC, PATTERN PANHANDLE WIND 2 §
LLC, PHR HOLDINGS LLC, POST OAK WIND §
LLC, PUMPKIN FARM WIND LLC, §
RATTLESNAKE WIND I LLC, RAYBURN §
COUNTRY ELECTRIC COOPERATIVE INC., §
RAYMOND WIND FARM LLC, RE §
MAPLEWOOD LLC, RE RAMBLER LLC, §
RELOJ DEL SOL WIND FARM LLC, RIO §
NOGALES POWER PROJECT LP, §
ROADRUNNER SOLAR PROJECT LLC, §
ROSCOE WIND FARM LLC, RUSK COUNTY §
ELECTRIC COOPERATIVE INC., SAN §
PATRICIO ELECTRIC COOPERATIVE INC., §
SANDY CREEK ENERGY ASSOCIATES LP, §
SE ARAGORN LLC, SEMPRA ENERGY, §
SHAKES SOLAR LLC, SHANNON WIND LLC, §
SOUTH PLAINS WIND ENERGY LLC, §
SOUTHWEST TEXAS ELECTRIC §
COOPERATIVE INC., SOUTHWESTERN §
ELECTRIC POWER COMPANY, SPINNING §
SPUR WIND THREE LLC, STELLA WIND §
FARM LLC, SWEENY COGENERATION LLC, §
TEMPLE GENERATION I LLC, TENASKA §
FRONTIER PARTNERS LTD, TENASKA §
GATEWAY PARTNERS LTD, TEXAS §
ELECTRIC COOPERATIVE INC., TEXAS §
POWER GROUP LLC, TEXAS-NEW MEXICO §
POWER COMPANY, THE DOW CHEMICAL §
COMPANY, TRINITY HILL WIND FARM LLC, §
TX HERE FORD WIND LLC, UPTON COUNTY §
SOLAR 2 LLC, UTILITY HOLDINGS LLC, §
VISTRA ASSET COMPANY LLC, VISTRA §
CORP., VISTRA PREFERRED INC., WESTERN §
TRAIL WIND LLC, WILDCAT CREEK WIND §
FARM LLC, WIND ENERGY TRANSMISSION §
TEXAS LLC, WISE COUNTY POWER §
COMPANY LLC, WOLF HOLLOW I POWER §
LLC, WOLF HOLLOW II POWER LLC, §
WOODWARD MOUNTAIN WIND LLC, §
§
§
*Defendants*. §
§

---

## NOTICE OF REMOVAL

---

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. section 1332(d)(11) governing removal of mass actions under the Class Action Fairness Act ("CAFA"), Defendants Bastrop Energy Partners LP, ExGen Texas Power, LLC, Frontera Generation Limited Partnership, Mountain Creek Power LLC, Paris Generation LP, and Wolf Hollow I Power LLC (collectively, "Removing Defendants") hereby remove this action from the District Court of Harris County, Texas, 158th Judicial District[1] to the United States District Court for the Southern District of Texas. Removing Defendants expressly reserve all rights to respond to, and seek dismissal of, this lawsuit.

### I.     REMOVAL JURISDICTION

1.     The above-captioned Plaintiffs filed this civil action on March 1, 2021 in the State Court (the "State Case"). A true and correct copy of the State Court petition filed by Plaintiffs is attached as Exhibit B.

2.     Plaintiffs served Removing Defendants with the State Case petition on March 4, 2021.

3.     Removal is timely under 28 U.S.C. section 1446(b), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Removing Defendants filed this Notice of Removal within 30 days of when the petition and summons were served and therefore removal is timely.[2]

---

[1] This case was originally filed in the District Court of Harris County, Texas, 157th Judicial District (the "State Court") and captioned Cause No. 2021-11686.
[2] See *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

1

4.      Removal to this Court is proper because the State Court is located within the geographic reach of the United States District Court for the Southern District of Texas.[3]

5.      As required by 28 U.S.C. section 1446(a) and Local Rule 81, true and correct copies of all process, pleadings, and orders served upon Removing Defendants, as well as the docket sheet, an index of matters being filed, and a list of all counsel of record, including addresses, telephone numbers and parties represented are attached hereto.  Specifically, the following State Case documents are attached: (1) the State Court petition (Ex. B); and (2) all process, pleadings, and orders that have been served upon Removing Defendants (Ex. C).[4]

6.      After filing this Notice of Removal, Removing Defendants will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the State Court in accordance with 28 U.S.C. section 1446(d).

## II.      BACKGROUND

7.      More than one hundred individual Plaintiffs sued more than one hundred defendants, who are owners and/or operators of power generation facilities (including Removing Defendants) and power transmission/distribution companies, in the State Case.

8.      Certain of the other named defendants in the above-captioned case are not Texas entities and do not have their principal place of business in Texas.

9.      Plaintiffs claim they "are individuals who bring this action arising out of loss of life, and/or who sustained personal injuries and/or damage to their property or other losses during the February 2021 cold weather . . . ."[5]  According to Plaintiffs, the State Case was "brought on behalf of Texans" and relates to the alleged loss of power to "more than 4 million other Texas

---

[3]    *See* 28 U.S.C. § 1441(a).
[4]    As of the date of this filing, the executed returns of service have not been filed with the State Court.  Once they are, Removing Defendants will supplement their removing papers to include them.
[5]    Ex. B at ¶ 4.

households . . . ."[6]  Plaintiffs allege they suffered loss of life, personal injury, property damage, or other losses during the February 2021 winter storm.[7]

### III.    GROUNDS FOR REMOVAL UNDER CLASS ACTION FAIRNESS ACT

10.     A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[8]  Here, the Court has original jurisdiction under CAFA because this case is a mass action.[9]

11.     Congress enacted CAFA to "ensur[e] Federal Court consideration of interstate cases of national importance."[10]  Accordingly, CAFA's purpose is to expand "federal removal jurisdiction over certain class and mass actions that satisfy CAFA's jurisdictional requirements."[11]  CAFA "'applies to any civil action commenced on or after' CAFA's effective date, February 18, 2005."[12]  "Under CAFA, mass actions 'may be removed by any defendant without the consent of all defendants.'"[13]

12.     To qualify as a mass action, the case at issue must satisfy the following criteria:

(1) satisfy CAFA's minimal diversity requirement (i.e., at least one plaintiff and one defendant must be citizens of different states); (2) have an amount in controversy exceeding $5,000,000; and (3) involve claims of monetary relief of at least 100 persons that involve common questions of law or fact, and (4) at least one plaintiff must satisfy the individual amount in controversy requirement of $75,000.[14]

13.     This case satisfies all of the aforementioned elements.  Consequently, the Court has jurisdiction over this case under CAFA and removal is appropriate.

---

[6]   *Id.* at ¶ 1.
[7]   *Id.*
[8]   28 U.S.C. § 1441(a).
[9]   *See* 28 U.S.C. § 1332(d)(11).
[10]  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013) (citation omitted).
[11]  *Lester v. Exxon Mobil Corp.*, 879 F.3d 582, 585 (5th Cir. 2018) (citing 28 U.S.C. § 1332(d)).
[12]  *Id.* (quoting *Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 803 (5th Cir. 2006)).
[13]  *Bonin v. Sabine River Auth. of Louisiana*, 961 F.3d 381, 387 (5th Cir. 2020) (quoting 28 U.S.C. § 1453(b)).
[14]  *Addison v. Louisiana Reg'l Landfill Co.*, 398 F. Supp. 3d 4, 10 (E.D. La. 2019) (footnote and quotation marks omitted).

14.     ***More than 100 named Plaintiffs seek monetary relief***.  "CAFA authorizes the removal of 'mass actions,' defined as 'any class action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly . . . .'"[15]  Here, more than 100 named persons have joined together in their individual capacity as named plaintiffs to assert claims against the defendants.[16]  Also, Plaintiffs seek monetary relief.[17]  Thus, this element is satisfied.

15.     ***Minimal diversity exists***.  This case meets the low-bar of minimal diversity. Specifically, a federal court may exercise jurisdiction over a mass action when "any member of a class of plaintiffs is a citizen of a State different from any defendant."[18]  Here, Plaintiffs are allegedly domiciled in Texas.[19]  Meanwhile, multiple defendants are not domiciled in Texas, including the following: (1) Dow Chemical Company is a Delaware corporation with its principal place of business in Michigan; (2) E.I. du Pont de Nemours and Company is a Delaware corporation with its principal place of business in Delaware; and (3) NRG Energy, Inc. is a Delaware corporation with its principal place of business in New Jersey.[20]  Such circumstances satisfy minimal diversity; for example, a court in the Fifth Circuit held that minimal diversity was present when all the plaintiffs were Louisiana domiciliaries and one defendant was a Delaware corporation with its principal place of business in Texas.[21]

---

[15]     *Lester*, 879 F.3d at 586 (5th Cir. 2018) (quoting 28 U.S.C. § 1332(d)(11)(B)(i)).
[16]     *See generally* Ex. B (listing 160 named plaintiffs).
[17]     *See id.* at ¶ 17 ("Plaintiffs seek monetary relief in excess of $1 million.").
[18]     28 U.S.C. § 1332(d)(2)(A).
[19]     *See* Ex. B at ¶ 1 (purporting to bring claims on behalf of Texans).
[20]     Ex. D (Decl. of J. Fielding) (attaching various filings evidencing domicile of the above-identified entities).
[21]     *See Addison*, 398 F. Supp. 3d at 10–11 (holding minimal diversity was satisfied when the plaintiffs were Louisiana domicilliaries and one defendant was a Delaware corporation with its principal place of business in Texas).

16.    ***The total amount in controversy exceeds $5,000,000***.  There can be no serious dispute that the amount in controversy exceeds $5 million.  Plaintiffs claim they seek damages relating to the loss of life, personal injuries, and property damage sustained during the February 2021 winter storm.[22]  Plaintiffs bring ten causes of action for which they each seek, at minimum: (1) compensatory damages; (2) actual damages; (3) consequential damages; (4) exemplary damages; (5) interest; (6) court costs; and (7) attorney's fees.[23]  This includes alleged property damages, substantial interference with the use of property, out of pocket losses, medical expenses in the past and future, lost wages, lost future earning capacity, mental anguish and suffering, lost earning capacity for a deceased relative, lost care for a deceased relative, loss of companionship, lost inheritance, and recovery of damages for a decedent's estate, including mental anguish damages, medical expenses, and burial expenses.[24]

17.    Given the nature of the aforementioned claims and allegations, it is "facially apparent" that the aggregate amount in controversy requirement is satisfied.  For example, in one case, the plaintiffs sought damages for "loss of use and enjoyment of their property, diminution in property value, and physical and mental injury."[25]  Given the nature of these claims, the court held "it [was] facially apparent that the aggregate amount in controversy exceeds $5,000,000."[26]  So too here.  Accordingly, this element of CAFA is satisfied.

18.    ***At least one Plaintiff seeks more than $75,000 in damages***.  The next CAFA element, that at least one plaintiff seeks an amount in excess of $75,000,[27] is satisfied.  Here too, satisfaction of the requisite element is "facially apparent from the plaintiffs' pleadings . . . ."[28]  For

---

22   *See* Ex. B at ¶ 4.
23   *See id.* at ¶¶ 26–73, 80.
24   *Id.* at ¶ 31–32.
25   *Addison*, 398 F. Supp. 3d at 11.
26   *Id.*
27   *See id.*
28   *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015) (cleaned up) (citing *Manguno v. Prudential*

example, in support of only one of their causes of action, Plaintiffs assert entitlement to the following: property damages, substantial interference with the use of property, out of pocket losses, medical expenses in the past and future, lost wages, lost future earning capacity, mental anguish and suffering, lost earning capacity for a deceased relative, lost care for a deceased relative, loss of companionship, lost inheritance, and recovery of damages for a decedent's estate, including mental anguish damages, medical expenses, and burial expenses.[29]   As with the above element, the nature of these allegations establishes that at least one plaintiff passes the damages threshold.

19.   Indeed, courts in the Fifth Circuit have held that the $75,000 threshold was satisfied in similar circumstances.   In *Robertson*, for example, the Fifth Circuit held that the district court erred in remanding the case on the ground that no plaintiff satisfies the individual amount-in-controversy requirement.[30]   Drawing on "common sense," the court concluded the wide variety of specific harm alleged by the plaintiffs placed more than $75,000 at stake, including one plaintiff's allegations that she suffered "emphysema and the wrongful death of her husband from lung cancer," and another plaintiff's allegation that "he developed prostate cancer and a host of other ailments."[31]   Similarly, in *Addison*, plaintiffs sought to "recover for various serious physical injuries," along with costs for housing and diminution in property value.[32]   Based on these alleged injuries, the court held it was "facially apparent that at least one [p]laintiff ha[d] claims exceeding $75,000 in value."[33]   And in *Greco*, the court held that a defendant satisfied this requirement because 237 plaintiffs alleged "substantial damages including but not limited to the cost of their

---

*Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).
[29]   *See* Ex. B at ¶ 31–32.
[30]   *Robertson*, 814 F.3d at 241.
[31]   *Id.*
[32]   *Addison*, 398 F. Supp. 3d at 11.
[33]   *Id.*

tickets, travel-related expenses, loss of vacation time, and other expenses in a total amount exceeding $5,000,000 . . . ."[34]  The court averaged the claim amounts, assessed hypothetical treble damages, assessed conservative attorney's fees, and held that at least one plaintiff necessarily brought a claim for an amount greater than $75,000.[35]

20.     Given the allegations at issue in this case, it is apparent that at least one plaintiff necessarily seeks recovery greater than $75,000.

21.     ***Plaintiffs share common questions of law and fact.***  The claims at issue raise certain common questions of law and fact.[36]  All Plaintiffs assert the same causes of action for negligence, gross negligence, product liability, strict liability, strict liability-abnormally dangerous activity, negligent misrepresentation, 402b misrepresentation, fraud, civil conspiracy, breach of continuing duty to warn, breach of express warranties, and breach of implied warranty of fitness for a particular purpose against all defendants.  Resultantly, the claims necessarily involve certain common questions of law and fact.  For example, a common legal question will be whether the defendants owed any duty to Plaintiffs.

22.     ***None of the CAFA exceptions is applicable.***  The above discussion establishes that the Court has jurisdiction over this case under CAFA.  As a result, if Plaintiffs seek remand under a CAFA exception the burden shifts to Plaintiffs to prove, "with reasonable certainty, that the [Court] is divested of subject-matter jurisdiction under an exception to CAFA jurisdiction."[37]  When considering the applicability of a CAFA exception, courts are cognizant of the fact that the

---

[34]   *Greco v. Jones*, 992 F. Supp. 2d 693, 699 (N.D. Tex. 2014).
[35]   *See id.* at 699–700.
[36]   *See Lester*, 879 F.3d at 585 (concerning this element of CAFA) (quoting 28 U.S.C. § 1332(d)(11)(B)(i)).
[37]   *Akeem v. Dasmen Residential, LLC*, CV 19-13650, 2020 WL 508894, at *4 (E.D. La. Jan. 31, 2020) (citing *Arbuckle Mountain Ranch of Tex., Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 338 (5th Cir. 2016)).

"language, structure, and history of CAFA all demonstrate that Congress contemplated broad federal court jurisdiction **with only narrow exceptions**."[38]

23.     This case does not fall into the narrow exceptions to CAFA removal of mass actions.  Under CAFA, mass actions do not include any civil action in which:

> (I) all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State; (II) the claims are joined upon motion of a defendant; (III) all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action; or (IV) the claims have been consolidated or coordinated solely for pretrial proceedings.[39]

*First*, the first category above is known as the single event exception[40] and it is inapplicable. CAFA's legislative history provides insight into the single event exception's purpose when it states the exception "would apply only to a truly local single event with no substantial interstate effects."[41]   This exception is inapplicable because, for example, Plaintiffs allege that over 100 defendants engaged in a variety of actions or inactions that resulted in many different types of failures or other issues at different power-generation plants and power transmission/distribution companies that allegedly caused Plaintiffs' injuries.   Thus, Plaintiffs cannot "point to a single focused event that culminate[d] in the basis of [the defendants'] liability."[42]   *Second*, the other definitional exceptions are also inapplicable: (1) the named defendants did not join Plaintiffs'

---

[38]  *Id.* (emphasis added) (quoting *Arbuckle Mountain Ranch of Tex., Inc.*, 810 F.3d at 337); *see also Addison*, 398 F. Supp. 3d at 9 (noting CAFA's legislative history states "the exceptions [should] be interpreted strictly by federal courts") (quoting S. Rep. No. 109-14, at 47 (2005)).

[39]  28 U.S.C. § 1332(d)(11)(B)(ii) (formatting altered).

[40]  *See Addison*, 398 F. Supp. 3d at 13 (quoting 28 U.S.C. § 1332(d)(11)(B)(ii)(I) and describing it as the single event exception).

[41]  *Id.* at 14 (quoting S. Rep. No. 109-14, at 47).

[42]  *Id.*; *see also Greco*, 992 F. Supp. 2d at 702 (holding exception did not apply because claims were "predicated on hundreds of separate ticket purchases and/or acquisitions and different problems that occurred" and thus the seating problems underlying the claims arose from separate events or occurrences).

claims together; (2) the claims are asserted on behalf of individual Plaintiffs, not the general public; and (3) the claims were not consolidated solely for pretrial proceedings.[43]

24.     The home state exception[44] and local controversy exceptions[45] are also inapplicable.  At minimum, Plaintiffs have not alleged—nor can they establish—that: (1) the primary defendants are Texas citizens; (2) the conduct of Texas defendants forms a significant basis of the claims; and (3) that they seek significant relief from Texas defendants as opposed to out-of-state defendants.  Such failures render each of these exceptions inapplicable.[46]

25.     Accordingly, this action satisfies all of CAFA's requirements, Plaintiffs cannot carry their burden of showing that any CAFA exception applies, and removal is proper because the Court has subject matter jurisdiction under 28 U.S.C. sections 1332, 1441, and 1453.

## NON-WAIVER OF DEFENSES

26.     By removing this action from the State Court, Removing Defendants do not waive any defenses available to them.

27.     By removing this action from the State Court, Removing Defendants do not admit any of the allegations in Plaintiffs' complaint.

---

[43]   *See generally* Ex. B.

[44]   Under CAFA's home state exception, the Court must decline jurisdiction if two-thirds or more of the plaintiffs and the primary defendants are citizens of the state where the lawsuit was filed.  *See* 28 U.S.C. § 1332(d)(4)(B).

[45]   Under CAFA's local controversy exception, the Court must decline jurisdiction if: (1) more than two-thirds of the plaintiffs are Texas citizens; (2) "they sued at least one defendant (a) from whom they seek significant relief; (b) whose conduct forms a significant basis of their claims; *and* (c) who is a Texas citizen;" (3) the principal injuries resulting from the alleged conduct, or any related conduct, of each defendant happened in Texas; and (4) within the past three years, no other class action has been filed against any of the defendants asserting the same or similar factual allegations.  *Aburto v. Midland Credit Mgmt., Inc.*, CIV.A.308-CV-1473-K, 2009 WL 2252518, at *5 (N.D. Tex. July 27, 2009) (emphasis in original) (cleaned up) (citing 28 U.S.C. § 1332(d)(4)(A)).

[46]   *See, e.g.*, *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.*, 655 F.3d 358, 361 (5th Cir. 2011) (rejecting application of local controversy exception); *Robertson v. Chevron USA, Inc.*, CV 15-874, 2016 WL 3667153, at *11 (E.D. La. July 11, 2016) (rejecting application of home state exception).

## **CONCLUSION**

**WHEREFORE**, Removing Defendants respectfully remove the above-captioned action from the State Court to the United States District Court for the Southern District of Texas.


Dated:  March 16, 2021

*/s/ Jeremy A. Fielding, P.C.*
**KIRKLAND & ELLIS LLP**

Jeremy A. Fielding, P.C.
TX Bar No. 24040895
Michael Kalis
TX Bar No. 24092606
1601 Elm Street, 27th Floor
Dalllas, Texas 75201
Telephone:  (214) 972-1770
Facsimile:  (214) 972-1771

Email:       jeremy.fielding@kirkland.com
             Michael.kalis@kirkland.com

-and –

Anna Rotman, P.C.
TX Bar No. 24046761
SDTX License No. 6277249
Attorney-in-charge
Dustin Womack
TX Bar No. 24115963
SDTX License No. 3487911
609 Main Street
Houston, TX 77002
Telephone:     (713) 836-3600
Facsimile:     (713) 836-3601
Email:         anna.rotman@kirkland.com
               dustin.womack@kirkland.com

- and -

*Attorneys for Defendants Bastrop Energy Partners LP, ExGen Texas Power, LLC, Frontera Generation Limited Partnership, Mountain Creek Power LLC, Paris Generation LP, and Wolf Hollow I Power LLC*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on March 16, 2021, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and served on opposing counsel.

*Jeremy A. Fielding*　　　　　　
Jeremy A. Fielding
